BARACK FERRAZZANO
   KIRSCHBAUM & NAGELBERG LLP
Robert E. Shapiro (Admitted *Pro Hac Vice*)
Email:    rob.shapiro@bfkn.com
Rachael M. Trummel (Admitted *Pro Hac Vice*)
Email:    rachael.trummel@bfkn.com
200 W. Madison Street
Chicago, Illinois 60606
Telephone:  (312) 984-3100
Facsimile:   (312) 984-3150

STEPTOE & JOHNSON LLP
Mark A. Neubauer (SBN 73728)
Email:    mneubauer@steptoe.com
Rebecca Edelson (SBN 150464)
Email:    redelson@steptoe.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone:  (310) 734-3200
Facsimile:   (310) 734-3300

Attorneys for Defendant
LOUIS VUITTON NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINT ARTHUR, individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiff,<br><br>    vs.<br><br>LOUIS VUITTON NORTH AMERICA, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.: CV 08-04731 AHM (FFMx)<br><br>(Assigned to Hon. A. Howard Matz)<br><br>**JOINT RULE 16(b) REPORT**<br><br>**[PUTATIVE CLASS ACTION]**<br><br>Date:   August 24, 2009<br>Time:  1:30 p.m.<br>Place:  Courtroom 14<br>             312 N. Spring Street<br>             Los Angeles, CA  90012 |

Doc. # CC-210007

Pursuant to the Court's Order Setting Rule 16(b) Scheduling Conference, the Parties hereby submit the following Joint Rule 16(b) Report:

## I. SYNOPSIS OF THE MAIN CLAIMS AND AFFIRMATIVE DEFENSES

### A. Plaintiff Arthur's Synopsis

This putative class action lawsuit arises out of defendant Louis Vuitton's willful violations of the California Fine Prints Act, Cal. Civ. Code section 1740 et seq. ("Fine Prints Act"), an anti-fraud statute that imposes an affirmative duty upon Louis Vuitton to fully and clearly disclose material facts concerning the "Prints" it sold at the boutique set up within the space of the ©Murakami exhibition at MOCA (the "Boutique"). In fact, Louis Vuitton managed to violate practically every obligation the Fine Prints Act imposed upon them.

The "certificates of authenticity" provided to the people who purchased the Prints, failed to:

1. Contain the mandatory statement: "This is to certify that all information and the statements contained herein are true and correct." as required by Cal. Civ. Code § 1740(j);

2. Adequately disclose the name of the artist as required by Cal. Civ. Code § 1744(a)(1);

3. Include a description of the medium or process used in producing the Prints, as required by Cal. Civ. Code § 1744(a)(3);

4. Include a statement concerning the prior use of the master image in different mediums as required by Cal. Civ. Code § 1744(a)(4);

5. State whether the edition is limited, and if so, the authorized maximum number of signed or numbered prints, or both, in the edition, the authorized maximum number of unsigned or unnumbered prints, or both, in the

1  edition, or the total size of the edition as required by Cal. Civ. Code §§ 1744(a)(8) and (a)(10);

6.  State the year, approximate year or period when the master image was made or when the prints were produced as required by Cal. Civ. Code § 1744(a)(9);

The certificates of authenticity also contained the following patently false statement: "This artwork is signed and numbered by the artist on the chassis" in violation of Cal. Civ. Code § 1744.7.

Louis Vuitton further violated the Fine Prints Act by failing to post in a conspicuous place in the Boutique a sign that contains the message: "California law provides for the disclosure in writing of certain information concerning prints, photographs, and sculpture casts. This information is available to you, and you may request to receive it prior to purchase." as required by Cal. Civ. Code § 1742(c).

Louis Vuitton's willful and persistent refusal to provide complete and accurate certificates of authenticity after being informed of their obligations under the Fine Prints Act constitutes a willful violation of the Fine Prints Act.

Louis Vuitton's violations of the Fine Prints Act give rise to the remedies afforded thereby, and form the basis for a cause of action for violation of the "unlawful prong" of California's Unfair Competition Law ("UCL").

Louis Vuitton's willful violations of the Fine Prints Act constitute an intentional failure to disclose material information concerning the Prints that it was under a duty to disclose.  As such, Louis Vuitton's willful violations of the Fine Prints Act form the basis for causes of action for violations of the "fraudulent prong" of the UCL, the California Consumer Legal Remedies Act ("CLRA"), and common law fraud.  As do Louis Vuitton's intentional misrepresentations of material fact that are alleged in detail in the Second Amended Complaint.

### B. Defendant Louis Vuitton's Synopsis

Plaintiff's Second Amended Complaint ("SAC") purports to assert claims against Defendant for fraud and violations of California Civil Code § 1740 ("Fine Prints Act" or "FPA"), California Civil Code §1750 ("Consumer Legal Remedies Act" or "CLRA"), and California Business & Professions Code § 17200 ("Unfair Competition Law" or "UCL"). Plaintiff's claims purportedly arise out of Defendant's sale of certain limited edition canvases conceived of, designed by and implemented under the direction of Japanese "pop" artist Takashi Murakami and sold at Defendant's boutique, which was an integral part of an exhibition of Murakami's work at the Museum of Contemporary Art in Los Angeles ("MOCA"). Plaintiff claims that the Editioned Canvases are not genuine Murakami artworks, even if conceived and designed by and implemented under the direction of Murakami, that they were not signed by Murakami, and that the Certificates of Authenticity accompanying the Editioned Canvases are defective because they, among other things, erroneously state that the Editioned Canvases were numbered on their respective chassis.

Plaintiff seeks certification of a class consisting of "[a]ll persons who purchased merchandise portrayed as genuine, limited-edition Takashi Murakami artwork from Louis Vuitton at or from its boutique at [MOCA]."

Defendant denies Plaintiff's allegations. The evidence will show:

(1) Defendant did not engage in fraud or any other intentional misconduct with respect to the sale of the Editioned Canvases. Specifically, contrary to Plaintiff's naked assertions, the Editioned Canvases are genuine, limited-edition artworks conceived of, designed by, implemented under the direction of, and signed by Murakami himself. Defendant also did not conceal anything about the nature of the Editioned Canvases. As Plaintiff acknowledged in his SAC, it was public knowledge what the Editioned Canvases were made of. Plaintiff also admits in his SAC that Murakami had a controversial, but well-known tendency to

blur the line between fine art and mass-produced goods, and the Louis Vuitton boutique was "intended" to give visitors, including Plaintiff himself, a sense of that aesthetic.

(2) Long before this lawsuit was filed, Defendant offered Plaintiff complete relief in the form of Plaintiff's choice of corrected Certificates of Authenticity or, if he preferred to return the canvases, a full refund of the purchase price, plus interest.

Defendant has asserted a number of affirmative defenses, including lack of Article III subject matter jurisdiction (e.g., no cognizable injury; no justiciable question; any claim rendered moot by pre-suit offer of complete relief), failure to mitigate any supposed damages, the unclean hands doctrine, waiver and equitable estoppel. Defendant has also previously filed a motion to dismiss pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(1) based on lack of Article III subject matter jurisdiction. This Court denied the motion, and Defendant's subsequent application pursuant to 28 U.S.C. §1292 is pending.

Defendant also intends to oppose Plaintiff's contemplated motion for class certification.

## II. KEY LEGAL ISSUES

### A. Plaintiff Arthur's Synopsis

In addition to the issues raised in connection with Louis Vuitton's motions to dismiss, key legal issues include: 1) the construction and application of the FPA; and 2) the determination of the available UCL remedies.

### B. Defendant Louis Vuitton's Synopsis

Defendant submits the following are key legal issues in this case.

#### 1. FPA

Key legal issues are: (a) the nature and extent of the disclosures required by the FPA; (b) whether tender of the return of the art work is a requisite element of a

claim under the FPA and/or a prerequisite to any recovery under the FPA; (c) whether a Civil Code Section 1745(a) recovery is a prerequisite to a Civil Code Section 1745(b) recovery and whether Plaintiff is entitled to any Section 1745(a) relief when he rejected Defendant's offer of Section 1745(a) relief; and (d) what intent is necessary to amount to willfulness under Civil Code Section 1745(b).

### 2. FRAUD

Key legal issues are: (a) whether anything represented about the Canvases was untrue; b) whether Plaintiff could have suffered any injury when Defendant offered him a full refund of the purchase price, plus interest, long before the lawsuit was filed; (c) whether the alleged misrepresentations are the type of misrepresentations that can form a basis of a fraud claim (*e.g.*, that something is "art"); (d) whether Defendant had a duty to disclose the facts it allegedly concealed from Plaintiff (to the extent they are even facts); (e) whether Plaintiff can establish the requisite elements of reliance, injury and causation to the extent he knew or should have known the true facts before making his purchases; and (f) whether, even if he were to establish liability, Plaintiff would be entitled to recover the supposed difference between the value of the Editioned Canvases actually purchased and what Plaintiff had hoped that they would be worth when he purchased them, especially when Defendant made no representations as to their value.

### 3. CLRA

A key legal issue is whether Plaintiff is entitled to any of the relief he claims under the CLRA when, even before the lawsuit was filed, Defendant offered to provide him with his choice of corrected certificates or a full refund of the purchase price plus interest (*i.e.,* restitution) and he declined both.

### 4. UCL

A key legal issue is whether Plaintiff is entitled to any of the relief he claims under the UCL when, even before the lawsuit was filed, Defendant offered to

provide him with his choice of corrected certificates or a full refund of the purchase price plus interest (*i.e.*, restitution) and he declined both.

### III. REALISTIC RANGE OF PROVABLE DAMAGES

#### A. According To Plaintiff Arthur

Based on the assumptions that a) the value of what Clint Arthur was fraudulently led to believe he would receive is approximately $20,000, b) the value of what Clint Arthur actually received was $1,000, c) Louis Vuitton sold approximately 300 of the Prints, and d) the Prints sold for an average price of $8,000 each, then the following estimates concerning possible monetary remedies that may be awarded in this case are realistic:

- <u>Fine Prints Act Remedy</u>:  A forced buy-back of each of the 300 Prints for four times the amount paid, plus interest.  Total:  Approximately $10,000,000.
- <u>UCL Remedy</u>:  Restitution equal to the difference between the price paid for the Print ($8,000) and  the value of the Print as received ($1,000).  Total: $2,100,000.
- <u>Fraud and CLRA Remedy</u>:  Compensatory damages equal to the difference between what the buyers were fraudulently led to believe they would receive ($20,000) and what the buyers actually received ($1,000).  Total: $5,700,000 plus punitive damages of up to $57,000,000.

#### B. According To Defendant Louis Vuitton

Defendant respectfully submits that Plaintiff's own pleadings conclusively establish that Plaintiff has not suffered any damage whatsoever from the conduct about in the SAC.

## IV. COMPLEXITY OF THE CASE.

### A. The Complexity Of The Case

#### 1. According To Plaintiff Arthur

Plaintiff does not consider this case to be complex.

#### 2. According To Defendant Louis Vuitton

Defendant submits that currently this case is not complex and should not be deemed "complex." Defendant, however, reserves the right to seek a re-designation of this case as complex if Plaintiff's anticipated motion for class certification is granted over Defendant's opposition.

### B. Application Of The Manual For Complex Litigation

#### 1. According To Plaintiff Arthur

Not applicable.

#### 2. According To Defendant Louis Vuitton

As this case currently is not complex, Defendant does not currently propose that the procedures suggested by the Federal Judicial Center's Manual For Complex Litigation (West 4th ed. 2009) (the "Manual") should be utilized generally in this case. Defendant, however, suggests that certain of the procedures regarding class actions may be appropriate to apply, such as the following:

● The Court should address whether to hear and determine threshold dispositive motions before hearing and determining Plaintiff's class certification motion. See §§ 21.11 and 21.133 of the Manual, pp. 358, 364. Defendant are considering bringing a motion for summary judgment or, in the alternative, summary adjudication, that Plaintiff cannot prove that he has suffered any damage whatsoever because (1) the Editioned Canvases are genuine, limited edition Murakami artworks conceived of, designed by, implemented under the direction of, and signed by the artist, Takashi Murakami; (2) Plaintiff cannot establish that the Editioned Canvases are worth less than he paid for them as a result of any of

1  the complained-of conduct; (3) Plaintiff was offered complete relief before this
2  lawsuit was filed; and (4) any technical compliance failures affecting the
3  Certificates of Authenticity were not willful.
4       Defendant currently anticipates filing its motion in October or November,
5  2009.  Plaintiff's motion for class certification currently must be filed by
6  November 23, 2009.  Defendant proposes that the Court's scheduling order set a
7  timetable for these motions so that Defendant's motion is determined first because
8  it may moot the need for Plaintiff's motion.
9       Defendant proposes that the Court regulate precertification communication
10 with the proposed class (See §21.12 of the Manual, p. 360) as follows:  Either side
11 should be allowed to communicate in writing with the proposed class members in
12 writing so as a copy of any such written communication is concurrently given to
13 opposing party's counsel.  Neither side should be allowed to initiate any oral
14 communications with any proposed class member regarding the litigation or the
15 facts about the litigation without first advising in writing the other side of the
16 contents of such a communication and the parties to it.
17      The Court should require a showing of need for pre-certification discovery
18 of unnamed members of the proposed class and there should be no discovery of
19 proposed class members (other than the named Plaintiff) without prior Court
20 Order.  *See* § 21.14 of the Manual, pp. 367.
21      To the extent that the Court grants class certification (which it should not),
22 Defendant reserves the right to propose that certain other procedures suggested by
23 the Manual be utilized (*e.g.*, those addressing class actions).
24
25 **V.     INSURANCE COVERAGE**
26      Defendant is not aware of any insurance policy that would provide coverage
27 for all or part of any judgment entered in this action.
28

## VI. A STATEMENT OF THE LIKELIHOOD OF THE FOLLOWING MOTIONS

### A. Add Other Parties Or Claims

#### 1. According To Plaintiff Arthur

Plaintiff will add Takashi Murakami, Kaikai Kiki Co., Ltd., and Louis Vuitton Malletier, S.A. as defendants if the facts so warrant.

#### 2. According To Defendant Louis Vuitton

Defendant does not currently anticipate seeking to add other parties or claims to the action.

### B. File Amended Pleadings

#### 1. According To Plaintiff Arthur

Plaintiff will bring a motion for leave to amend to state a damages claim under the CLRA.

#### 2. According To Defendant Louis Vuitton

Defendant does not currently anticipate seeking to amend its pleadings, but reserves the right to do so if information revealed in discovery warrants it or Plaintiff amends his pleading.

### C. Transfer Venue

#### 1. According To Plaintiff Arthur

Plaintiff has no present intention of seeking to move this case to a different venue.

#### 2. According To Defendant Louis Vuitton

Defendant does not currently anticipate seeking to transfer venue.

## VII. DISPOSITIVE OR PARTIALLY DISPOSITIVE MOTIONS

### A. Issues Or Claims That May Be Determined By Motion For Summary Judgment Or Motion In Limine

#### 1. According To Plaintiff Arthur

The issue of Louis Vuitton's violation of the Fine Prints Act, and the issue of injunctive relief requiring Louis Vuitton to provide accurate and complete certificates of authenticity to the purchasers of the Prints.

#### 2. According To Defendant Louis Vuitton

Defendant reserves the right to bring summary judgment motions and motions in limine as it deems appropriate in the future. Defendant currently anticipates that it will bring a motion for summary judgment as described above in Section IV.B.2.

### B. Schedule For Motions That Are Likely To Be Made

#### 1. According To Plaintiff Arthur

- Motion to add CLRA damages claim.
- Motion for class certification.
- Motion for summary adjudication of issue of violations of the Fine Prints Act.
- Motion for injunction requiring Louis Vuitton to furnish complete and accurate certificates of authenticity to the buyers of the Prints.
- Motion to Add New Parties

#### 2. According To Defendant Louis Vuitton

Defendant currently anticipates filing its summary judgment motion in October 2009 to be heard in October or November 2009.

### C. Cutoff Date By Which All Such Motions Shall Be Made

#### 1. According To Plaintiff Arthur

- Motion to add CLRA damages claim:   Filed no later than October 23, 2009

|   |   |   |
|---|---|---|
| • | Motion for class certification: | Filed no later than November 23, 2009 |
| • | Motion for summary adjudication of issue of violations of the FPA | Filed no later than March 22, 2009 |
| • | Motion for injunction requiring Louis Vuitton to comply with the disclosure provisions of the FPA | Filed no later than March 22, 2009 |
| • | Motion to Add New Parties | Filed no later than March 22, 2009 |

    2. <u>According To Defendant Louis Vuitton</u>

Defendant proposes that the last day for its summary judgment motion to be heard should be March 22, 2010, and the last day for motions *in limine* to be heard should be May 3, 2010. *See* Exhibit A hereto.

## VIII. DISCOVERY AND EXPERTS

    A. <u>What, If Any, Change In The Rule 26(a) Disclosures Should Be Made</u>

        1. <u>According To Plaintiff Arthur</u>

None.

        2. <u>According To Defendant Louis Vuitton</u>

Defendant does not propose any changes to the FRCP Rule 26(a) disclosures should be made, but notes that the parties, to facilitate both their initial disclosures and other discovery in this action, intend to submit a proposed protective order to govern the production, use, and dissemination of confidential information.

    B. <u>The Subjects On Which Discovery May Be Needed</u>

        1. <u>According To Plaintiff Arthur</u>

Generally, Plaintiff will seek to discover the communications and contracts relating to the Boutique, the Prints, the Brochure, the certificates of authenticity,

11

the production of the Prints, and the sales of the Prints. Plaintiff will also seek to inspect and copy all documents and ESI that pertain to those topics. And, Plaintiff will seek to depose persons with knowledge of those topics.

2. <u>According To Defendant Louis Vuitton</u>

Defendant currently expects to seek discovery on the following subjects:

- Plaintiff's purchases from Louis Vuitton's boutique at MOCA during the Murakami Exhibition, including communications and documents and things related thereto.
- Plaintiff's knowledge of Louis Vuitton and its products before he purchased the Editioned Canvases.
- Plaintiff's knowledge of Murakami and his artwork before he (Plaintiff) purchased the Editioned Canvases.
- Plaintiff's alleged injuries and damages.
- Plaintiff's experience as an art collector.
- Plaintiff's communications with Murakami.
- Plaintiff's communications with MOCA.
- Plaintiff's communications about Murakami, including his art, his Exhibition at MOCA.
- Plaintiff's communications about Louis Vuitton, including its boutique at MOCA during the Murakami Exhibition and its projects with Murakami.
- The bases of Plaintiff's allegations about the other purchasers of the Editioned Canvases.
- Plaintiff's communications with other purchasers of Murakami works.
- Plaintiff's lawsuit against MOCA.

Defendant reserves any and all objections to the discovery proposed herein by Plaintiff and further reserves the right to conduct discovery on other subjects as

it appears appropriate in the future in light of other discovery or events (*e.g.*, the designation of expert witnesses).

### C. Whether Discovery Should Be Conducted In Phases Or Otherwise Limited

#### 1. According To Plaintiff Arthur

No.

#### 2. According To Defendant Louis Vuitton

Defendant reserves all objections to discovery propounded by Plaintiff, but does not currently submit that discovery should be conducted in phases or otherwise limited except for the following:

- Discovery regarding Defendant's (or its parents') profits (other than from its sale to Plaintiff of the Editioned Canvases), wealth and/or financial condition (*see* SAC ¶ 4) should be prohibited unless and until Plaintiff establishes an entitlement to punitive damages.

- Defendant asks the Court to cut off now any attempt by Plaintiff to seek discovery into Louis Vuitton's other intellectual property litigation to argue that it can be presumed that it was aware of the FPA (*see* SAC ¶ 73) as such discovery is on its face unduly burdensome, oppressive, harassing, and not reasonably likely to lead the discovery of admissible evidence.

- The Court should require a showing of need for pre-certification discovery of unnamed members of the proposed class. *See* § 21.14 of the Manual, pp. 367.

### D. What Other Issues Exist Or Are Likely To Arise In Discovery

#### 1. According To Plaintiff Arthur

Plaintiff has been advised that many of the persons who were involved on behalf of Louis Vuitton are actually officers and/or employees of Defendant's parent company, Louis Vuitton Malletier, S.A. and were working out of the Paris, France headquarters. Defendant's counsel advised Plaintiff's counsel that Plaintiff

will have to avail himself of the procedures under the Hague Convention in order to depose those key witnesses, and to obtain certain relevant documents and ESI. Moreover, Plaintiff's counsel will probably have to travel to New York to depose key officers and/or employees of the named defendant Louis Vuitton North America, Inc.  Finally, Takashi Murakami, the artist in question, is presumed to be a citizen of Japan.  Therefore, Plaintiff may need to travel to Japan to take his deposition as well as the key officers and employees of his company, Kaikai Kiki Co., Ltd.

        2.     <u>According To Defendant Louis Vuitton</u>

The parties agreed to exchange their FRCP 26(a) initial disclosures no later than August 11, 2009.  Consistent with that agreement, Defendant served its Rule 26(a) disclosures upon Plaintiff on August 11, 2009.  Despite that agreement, Plaintiff has not yet served his FRCP 26(a) disclosures.  Defendant will raise other discovery issues in the ordinary course as they are recognized.

**E.**    **Any Issues About Claims Of Privilege Or Of Protection As Trial-Preparation Materials**

        1.     <u>According To Plaintiff Arthur</u>

None that require special mention.

        2.     <u>According To Defendant Louis Vuitton</u>

Defendant anticipates that certain of its documents will be subject to a claim of privilege, but is not aware of any such issues relating to any such claim at this time.

**F.**    **What Agreements (If Any) Have Been Reached Concerning Identification Maintenance And Production Of Electronically Stored Information**

None at this time.

**G.**    **What Discovery Has Been Conducted Thus Far**

Plaintiff has propounded interrogatories, requests for admission and requests

for production of documents.  Responses to those will be due on September 17, 2009.  Plaintiff has also issued a deposition subpoena (records and testimony) to The Museum of Contemporary Art, which is out for service.

On August 11, 2009, Defendant made its Initial Disclosures pursuant to FRCP 26(a) and the agreement of the parties.  As of the date of this Report, Plaintiff has not served his Initial Disclosures.

### H. Whether Applicable Limitations Should Be Changed Or Other Limitations Imposed

#### 1. According To Plaintiff Arthur

None at this time.

#### 2. According To Defendant Louis Vuitton

Defendant does not currently propose any limitations other than those already imposed by the FRCP and the Local Rules and those already mentioned above.

### I. Whether The Court Should Enter Other Orders

#### 1. According To Plaintiff Arthur

None at this time.

#### 2. According To Defendant Louis Vuitton

Defendant does not currently propose any orders other than those already mentioned above.

### J. Number Of Depositions Each Side Will Conduct

#### 1. According To Plaintiff Arthur

Presently, Plaintiff envisions deposing: a) between eight to twelve people affiliated with Louis Vuitton, b) between two and four people affiliated with Kaikai Kiki Co., Ltd. c) between two and six people affiliated with MOCA, and d) a reasonable yet currently undetermined number of third party witnesses as their identities are discovered.  Plaintiff's best current estimate is that he will take between twenty-five and thirty depositions.

      2.      <u>According To Defendant Louis Vuitton</u>

Defendant currently anticipates that it will take fewer than 5 depositions, but notes that the number of depositions it will require will depend in large part on the number of fact and expert witnesses Plaintiff identifies in the course of discovery in this action, including in his Rule 26(a) initial disclosures, and whether this Court grants Plaintiff's anticipated motion for class certification.  Defendant may need far more depositions if the Court grants class certification.

    **K.**    **Proposed Time of Expert Witness Disclosures**

      1.      <u>According To Plaintiff Arthur</u>

March 15, 2010.

      2.      <u>According To Defendant Louis Vuitton</u>

Defendant proposes that expert witness disclosures should be made February 16, 2009.  *See* Exhibit A hereto.

**IX.**    **SETTLEMENT DISCUSSIONS TO DATE AND SELECTION OF LOCAL RULE 16-15 SETTLEMENT MECHANISM**

      1.      <u>According To Plaintiff Arthur</u>

The parties complied with the Court's order by meeting among themselves privately, and afterwards attending a settlement conference with the assigned Magistrate Judge.  The parties also discussed the prospects of settlement during their Rule 26(f) conference.  Plaintiff selects Settlement Procedure No. 1.

      2.      <u>According To Defendant Louis Vuitton</u>

The parties and their counsel met to discuss settlement on or about January 20, 2009.  The conference did not result in a settlement.

The parties already participated in a settlement conference before Magistrate Judge Mumm on February 26, 2009 (which constitutes Settlement Procedure No. 1 under Local Rule 16-15.4) in accordance with the Court's December 11, 2008 Order.  The conference did not result in a settlement.

The parties continued to discuss settlement at their July 27, 2009 Rule 26(f) meeting.

## X. TRIAL

### A. Estimate Of Time Required For Trial

#### 1. According To Plaintiff Arthur

Plaintiff estimates the trial will take seven to ten days.

#### 2. According To Defendant Louis Vuitton

Defendant estimates 5 court-days will be required for the initial phase of the trial. (Defendant anticipates bringing a motion pursuant to California Civil Code Section 3295(d), which provides for a mandatory bifurcation of the liability and punitive damages phases of trial, and the exclusion of any evidence of a defendant's profits, wealth and/or financial condition in the liability phase.)

### B. Whether Trial Will Be By Jury Or Court

#### 1. According To Plaintiff Arthur

Plaintiff requests a jury trial on all claims and issues for which a jury trial is available.

#### 2. According To Defendant Louis Vuitton

Defendant submits that it is entitled to a jury trial on certain of Plaintiff's claims but not others (*e.g.*, those seeking only equitable relief such as the claims under California Bus. & Prof. Code § 17200 and California Civil Code § 1750). It is entitled to a jury trial on Plaintiff's fraud and FPA claims to the extent they do not seek equitable relief.

### C. Number Of Trial Witnesses Each Side Contemplates Calling

#### 1. According To Plaintiff Arthur

Plaintiff estimates it will call approximately twelve to eighteen witnesses.

      2.     <u>According To Defendant Louis Vuitton</u>

Defendant currently anticipates calling approximately 5-10 witnesses at trial, but notes that the number of witness it will call at trial will depend largely on the number of fact and expert witnesses Plaintiff identifies in the course of discovery, including in his Rule 26(a) disclosures, and whether this Court grants Plaintiff's anticipated motion for class certification.

**XI.**   **<u>PRESUMPTIVE SCHEDULE OF PRETRIAL DATES</u>**

See Exhibit "A" hereto.

**XII.**   **<u>STATEMENT OF OTHER ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE</u>**

      1.     <u>According To Plaintiff Arthur</u>

None at this time.

      2.     <u>According To Defendant Louis Vuitton</u>

Defendant does not currently anticipate any issues affecting the status or management of the case except (a) Defendant understands that Plaintiff intends to seek discovery of witnesses (including non-English speaking witnesses) outside the United States pursuant to the Hague Convention; and (b) Defendant believes a stay of the action may be appropriate depending on the Court's ruling on Defendant's pending 28 U.S.C. Section 1292(b) Motion.

**XIII.**   **<u>CORPORATE SUBSIDIARIES, PARENTS AND AFFILIATES</u>**

      1.     <u>According To Plaintiff Arthur</u>

Louis Vuitton Malletier, S.A., Paris, France.

      2.     <u>According To Defendant Louis Vuitton</u>

Louis Vuitton hereby identifies all subsidiaries, parents and affiliates: Defendant Louis Vuitton North America, Inc.

LVMH Moet Hennessey Louis Vuitton, Inc., parent of Defendant Louis Vuitton North America, Inc.

## XIV. CONSENT TO A MAGISTRATE JUDGE

The parties have not consented, pursuant to 28 U.S.C. § 636, to having a magistrate judge preside over all proceedings.

Dated:  August 18, 2009        BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP

                                                    and

                                              STEPTOE & JOHNSON LLP


                                              By:   /s/ Mark A. Neubauer
                                              MARK A. NEUBAUER
                                              Attorneys for Defendant
                                              LOUIS VUITTON NORTH AMERICA, INC.


Dated:  August 18, 2009        THE LAW OFFICE OF DANIEL E. ENGEL


                                              By:   /s/ Daniel E. Engel
                                                       DANIEL E. ENGEL
                                              Attorneys for Plaintiff CLINT ARTHUR